1

2

3

4

5

6

7

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

R.R., by and through his parent ROSLYN
RUCKER,

        Plaintiffs,

       v.

OAKLAND UNIFIED SCHOOL DISTRICT;
and GARY YEE, Individually and in his
capacity as Superintendent of the Oakland
Unified School District,

        Defendants.

Case No.: CV 13-05069-KAW

ORDER REGARDING PLAINTIFFS'
MOTION FOR PRELIMINARY
INJUNCTION TO ENFORCE "STAY-PUT";
VACATING JANUARY 16, 2014 HEARING

(Dkt. No. 26)

On December 12, 2013, Plaintiffs filed a motion for preliminary injunction to enforce the "stay-put" provision to allow R.R. to stay in his current educational placement and have his last agreed upon Individualized Education Plan (IEP) fully implemented. (Dkt. No. 26.)  Oakland Unified School District opposes this motion on the grounds that the relief sought is not the current educational placement pursuant to the Individuals with Disabilities Education Act (IDEA). (Defs.' Opp'n, Dkt. No. 27 at 1.)

While such administrative or subsequent judicial proceedings are pending, the "stay put" provision of the IDEA entitles the child to remain in his or her "current educational placement." 20 U.S.C. § 1415(j); *L.M. v. Capistrano Unified School Dist.*, 556 F.3d 900, 911 (9th Cir. 2009).  Section 1415(j) provides that "[d]uring the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents or guardian otherwise agree, the child shall remain in the then current educational placement of such child …."  The IDEA does not expressly define "current educational placement."  The courts, however, have generally construed the phrase to mean "the placement described in the child's most recently implemented IEP." *Johnson v. Special Educ. Hearing Office*, 287 F.3d 1176, 1180 (9th Cir. 2002).

In the instant matter, the parties modified the May 2011 IEP in September 2011, which changed R.R.'s current placement. (Pls.' Mot. at 9; Defs.' Opp'n at 3.)  This appears to be the last agreed upon IEP that was fully implemented. Thereafter, as a result of an Alameda County Family Court Order, Ms. Rucker unilaterally increased R.R. to school three days per week, from the previously agreed-upon two days per week. (Defs.' Mot. at 4; Decl. of David Mishook, Dkt. No. 27-1 ¶ 5.)

The Court does not have a copy of R.R.'s May 2011 IEP or the September 2011 modification, and so cannot confirm that the parties' representations of the last implemented IEP are accurate.  In light of the intervening Alameda County Family Court Order and the fact that the Administrative Law Judge's decision provided that five days per week was the appropriate placement, the parties are asked to meet and confer to determine how many days per week R.R. should be enrolled—at this juncture, whether it should be two or three days. All other services agreed upon as of September 2011 should be implemented, including any home instruction.  If the District is not providing these services, the Court would be inclined to order them to do so, as it was the last implemented IEP. (*See* Pls.' Reply at 6.)

The parties, however, are reminded that the stay-put placement may be changed if the parent and district agree to a change in placement or service. *See* 34 C.F.R. § 300.518(a).

Accordingly, the January 16, 2014 hearing is vacated and the parties are ordered to meet and confer regarding R.R.'s placement and submit a joint status update on or before January 27, 2014.  If the parties are unable to resolve this dispute without court intervention, their status update shall outline the placement and services still in dispute and attach copies of the May 2011 IEP and the September 2011 modification.  Any agreed upon stay-put placement is temporary and will not otherwise affect the outcome of the pending litigation.  Upon receipt of the status update, the court will then determine whether the matter may be resolved without oral argument or further briefing pursuant to Civil Local Rule 7-1(b).

IT IS SO ORDERED.

Dated: January 9, 2014

KANDIS A. WESTMORE
United States Magistrate Judge