United States District Court
Northern District of California

R.R., by and with his parent, ROSLYN R.,

Plaintiffs,

v.

OAKLAND UNIFIED SCHOOL DISTRICT,

Defendant.

Case No.: CV 13-05069-KAW

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

(Dkt. No. 51)

On March 18, 2014, Plaintiffs R.R. ("Student") and Parent Roslyn R. ("Parent") filed a first amended complaint against Defendant Oakland Unified School District ("District") for violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, and the California Education Code; Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 20 U.S.C § 794; and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132. (First Am. Compl., "FAC," Dkt. No. 47.)

On March 25, 2014, Defendants filed a motion to dismiss Plaintiffs' second, third, and fifth causes of action. (Def.'s Motion to Dismiss the First Am. Compl., "Def.'s Mot.," Dkt. No. 51.)

On June 5, 2014, the Court held a hearing, and after careful consideration of the parties' arguments, for the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART the District's motion to dismiss.

**I. BACKGROUND**

Plaintiff R.R. ("Student") is a 15 1/2 year old boy with severe autistic-like behaviors, low cognitive ability, is non-verbal, has a long-standing seizure disorder, and exhibits aggressive and self-injurious behavior. (FAC ¶ 7.)  He was found eligible for special education services in May 2001. *Id.*

In May and September 2011, an Individualized Education Plan ("IEP") was implemented, which included 23 hours of home-based instruction provided by a Non-Public Agency to provide Applied Behavior Analysis services and training to R.R. in the home environment. (FAC ¶ 8.)

In June 2013, the IEP team convened, at which time the District proposed an IEP and changes in the program, placement, services, and goals, to which Parent did not consent. (FAC ¶ 9.) Thereafter, the District filed a due process request before the Office of Administrative Hearings ("OAH") seeking the authority to implement the IEP without Parent's consent. (Compl. ¶9.) A hearing was held, and the Hearing Officer's decision authorized the District to implement the proposed IEP, as amended, over Parent's objections. (Compl. ¶ 20.)

On October 30, 2013, Plaintiffs filed a complaint in federal court against the District and Superintendent Yee contesting the OAH Decision and alleging additional violations of Section 504 and the ADA. On November 10, 2013, Defendants filed a motion to dismiss the third through tenth causes of action in the initial complaint. On January 16, 2014, the Court held a hearing and granted in part and denied in part Defendants' motion. (Dkt. No. 45.)

On March 18, 2014, Plaintiffs filed their first amended complaint. (Dkt. No. 47.) On March 25, 2014, Defendant filed its motion to dismiss the second, third, and fifth causes of action in the first amended complaint. On April 8, 2014, Plaintiff filed their opposition. (Pls.' Opp'n, Dkt. No. 53.) On April 15, 2014, Defendant filed its reply. (Def.'s Reply, Dkt. No. 56.)

## II. LEGAL STANDARD

**A. Failure to Exhaust Administrative Remedies in Special Education Cases**

When a defendant submits a motion to dismiss under Federal Rule of Civil Procedure 12(b), the plaintiff bears the burden of establishing the propriety of the court's jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The IDEA requires the exhaustion of state administrative remedies before a party seeks judicial review. *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1303 (9th Cir. 1992). Exhaustion "allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first

2

opportunity to correct shortcomings in their educational programs for disabled children." *Id.* at 1303; *see also Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 875-76 (9th Cir. 2011).

In special education cases, the failure to exhaust administrative remedies does not deprive the district court of subject matter jurisdiction. *Payne*, 653 F.3d at 867. Rather, "the IDEA's exhaustion requirement is a claims processing provision that IDEA defendants may offer as an affirmative defense." *Id.* The Ninth Circuit has adopted a relief-centered approach and interprets § 1415(l) to require exhaustion of IDEA remedies only when the civil action brought under the ADA and Section 504 seeks relief that is also available under the IDEA. *Id.* at 872; *see also* 20 U.S.C. § 1415(l).

**B.  Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)**

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, (1957)).

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss based on rule 12(b)(6) challenges the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995).

In considering a 12(b)(6) motion, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).

A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Id.* at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

### III. DISCUSSION

#### A. Failure to Exhaust Administrative Remedies

In the context of this motion, Defendant argues that Parent failed to exhaust her administrative remedies for the second cause of action for violation of Parent's rights under the IDEA. (Def.'s Mot. at 2-3, 10-12.) Failure to exhaust does not divest the federal courts of subject matter jurisdiction, and decisions regarding whether a party exhausted administrative remedies are better decided through "a fact-specific assessment of the affirmative defense than through an inquiry about whether the court has the power to decide the case at all." *Payne*, 653 F.3d at 870.

The second cause of action does not allege that Parent exhausted her administrative remedies, and instead asserts "that these are distinct violations of the procedural due process rights and procedural safeguards under the IDEA and do not require exhaustion of administrative remedies." (FAC ¶ 28.) In opposition, Plaintiffs now state that the administrative remedies were exhausted. (Pls.' Opp'n at 5.) This is inadequate. Either Parent exhausted her administrative

4

remedies or she did not. Participating in the administrative hearing only exhausts those matters that were raised. Further, administrative law judges frequently hear violations of parents' procedural rights under the IDEA, so Plaintiffs contention that exhaustion is not required is incorrect. *See Kutasi v. Las Virgenes Unified Sch. Dist.*, 494 F.3d 1162, 1167-69 (9th Cir. 2007).

Defendant concedes that exhaustion of administrative remedies may have occurred as to the allegations of pre-determination. (Def.'s Reply at 5; FAC ¶ 28(b).) Despite Plaintiffs' allegations to the contrary, it does not appear that Parent exhausted her administrative remedies in regards to her request to visit a high school campus. (*See* Pls.'s Opp'n at 5.) While Plaintiff cites the OAH Decision at page 26, paragraph 17, the paragraph cited does not mention Parent's request. (*Id.*; *see also* FAC, Ex. F.). Similarly, there is no indication that Parent exhausted her administrative remedies as to the desire to have the District provide daily injury reports. (*See* FAC, ¶ 28(c).) Plaintiffs attached a document titled "Parent Addendum to IEP," dated August 13, 2013, to their opposition. This document was inappropriately attached, as it was not attached to a declaration or a request for judicial notice. Accordingly, it is stricken. Even if the Court were to consider it, the document does not show that this issue was exhausted during the administrative proceedings.

Nonetheless, the Court will not address the merits of Plaintiffs' claim at this juncture. Thus, to the extent that the District's arguments regarding Plaintiffs' failure to exhaust administrative remedies should be determined by evidence beyond the pleadings, such an argument is more suitably addressed in a motion for summary judgment.

Accordingly, the second cause of action is dismissed with leave to amend to generally allege that Plaintiffs have exhausted their administrative remedies. If Plaintiffs cannot, in good faith, allege exhaustion pertaining to specific allegations, they should decline to allege those facts in the second amended complaint to avoid running afoul of Rule 11.

**B.      Failure to State a Claim under Federal Rule 12(b)(6)**

Defendant seeks to have Plaintiffs' second, third, and fifth causes of action dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6). (Defs.' Mot. at 2-3.)

///

1. Second Cause of Action for Violation of Parent's rights under IDEA

Plaintiffs' second cause of action alleges violations of Parent's procedural rights. (FAC ¶ 28.) Plaintiffs allege that Parent's procedural due process rights were violated under the IDEA. (FAC ¶ 28.) These reasons include "denying Parent the right to observe potential placements," failing to allow Parent to meaningful participate in the IEP process by "predetermining" Student's placement, and "refusing Parent's request for recorded behavioral data and daily 'injury reports." (FAC ¶¶ 28(a)-(c).)

Per the Court's previous order, there is no right for a parent to observe potential placements, and Plaintiffs again fail to identify any authority to the contrary. (*See* 2/28/14 Order at 9.) This allegation is dismissed without leave to amend, as any amendment would be futile.

As to the remaining allegations, as discussed above, Plaintiffs' first amended complaint must be amended to clearly state that the IDEA allegations were exhausted at the administrative hearing.

Accordingly, Plaintiffs are given leave to amend to clearly allege the exhaustion of administrative remedies, and plead specific facts in support of this cause of action. Plaintiffs have previously been granted leave to amend, and the failure to sufficiently plead their allegations in the second amended complaint may result in dismissal with prejudice.

2. Third Cause of Action for violation of Stay-Put

Plaintiffs' third cause of action alleges that the District failed to comply with the "stay put" provisions of the IDEA. (FAC ¶¶ 29-30.) A student has an automatic right to "stay put" under the IDEA, which is to remain in his current educational placement, from the time a complaint is filed until his case is resolved. *A.D. ex rel. L.D. v. Hawaii Dep't of Educ.*, 727 F.3d 911, 912 (9th Cir. 2013) (*citing* 20 U.S.C. § 1415(j)). Defendant contends that Plaintiffs fail to state a violation of stay-put. (Def.'s 8-12.)

Plaintiffs' first amended complaint alleges that Student's home instruction and occupational therapy was not maintained during the pendency of the OAH proceedings and by alleging that the District unilaterally terminated home instruction after the Hearing Officer's decision was issued on October 4, 2013, and, further, did not resume home instruction, despite

6

making a stay-put demand, until the Court issued an order regarding Student's current education placement. (FAC ¶¶ 19-22, 29(c)-(f).)  These facts are sufficient to state a cause of action for stay-put at the pleadings stage.  Defendant's arguments that Plaintiffs' demands were insufficient are on the merits and would be more appropriately addressed on summary judgment. Defendant's motion to dismiss this cause of action is denied.

        3. <u>Fifth Cause of Action for violations of the ADA and Section 504</u>

The fifth cause of action is for violation of "Plaintiff's right to be free from discrimination on the basis of his disabilities, and his right not to be excluded from education with his peers because if it were not for his disabilities, R.R. would be entitled to attend school at a District public high school level ...." (FAC ¶ 31.)  Plaintiff alleges that the District's refusal to place R.R. at a high school violates both Section 504 of the Rehabilitation act and the Americans with Disabilities Act. *Id.*

As an initial matter, Plaintiffs' opposition only addresses the validity of its claim under Section 504.  Section 504 forbids organizations that receive federal funding, including public schools, from discriminating against people with disabilities. 29 U.S.C. § 794(b)(2)(B).  Section 504 provides that "no otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a); *see also* 34 C.F.R. § 104.4. "If an organization that receives federal funds violates Rehabilitation Act § 504 intentionally or with deliberate indifference, it may be liable for compensatory damages." *Mark H. v. Hamamoto*, 620 F.3d 1090, 1097 (9th Cir. 2010) (citing *Mark H. v. Lemahieu*, 513 F.3d 922, 930, 938 (9th Cir. 2008)).

Defendant argues that Plaintiffs fail to plead a prima facie claim of discrimination under Section 504, because they do not allege that any denial was caused by disability-based animus. (Def.'s Mot. at 5.)  In opposition, Plaintiffs appear to argue that Defendant's refusal to place Student on a high school campus with his same-aged nondisabled peers is tantamount to deliberate indifference. (Pls.' Opp'n at 16.)  Additionally, a denial of FAPE under Section 504 requires the presence of discrimination on the basis of disability. *See Mark H. v. Lemahieu*, 513

F.3d 922, 936-37 (9th Cir. 2008) ("school districts need only design education programs for disabled persons that are intended to meet their educational needs to the same degree that the needs of nondisabled students are met, not more.") Plaintiffs' seem to imply that the District's offering of the middle school site placement was rooted in disability animus. If this is what Plaintiffs intend to allege, they must do so clearly in their operative complaint. A complaint amended with a clear allegation of disability discrimination would be sufficient to survive the pleading stage, but Plaintiff bears the ultimate burden of proving the existence of discrimination to prevail on this claim.

While Plaintiffs failed to address the ADA claim in their opposition, at the hearing, Plaintiffs clarified that they intended to allege that Student's school site placement was the result of a discriminatory motive based on his disability rather than on a failure to accommodate.

Accordingly, the Court dismisses the fifth cause of action with leave to amend to explicitly allege that Student experienced disability discrimination in violation of Section 504 and the ADA.

### IV. CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss.

The second cause of action is dismissed with leave to amend, consistent with this order, to generally allege the exhaustion of administrative remedies.

Defendant's motion to dismiss the third cause of action is denied.

The fifth cause of action is dismissed with leave to amend consistent with this order.

Plaintiffs shall file a second amended complaint within fourteen (14) days from the date of this order.

IT IS SO ORDERED.

Dated: June 23, 2014

KANDIS A. WESTMORE
United States Magistrate Judge

8